UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENAS ISSUED TO JEFFREY WILLIAMS AND BRUCE WATROUS JR.. | Case No. 23-mc-80181-VKD<br><br>**ORDER TRANSFERRING MOTION TO QUASH SUBPOENA; VACATING HEARING**<br><br>Re: Dkt. No. 1 |

Apple Inc., Jeffrey Williams, and Bruce Watrous, Jr. ("Non-Parties") move to quash subpoenas for the depositions of Mr. Williams and Mr. Watrous served by lead plaintiffs and defendant Qualcomm Incorporated ("Qualcomm") in the matter *In Re Qualcomm Inc. Securities Litigation*, 3:17-cv-00121-JO-MSB (S.D. Cal.). *See* Dkt. No 1-1, Exs. B, C. Both depositions are noticed to occur at locations within the Northern District of California. *Id.*

Rule 45(f) of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [motion to quash the subpoena] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Mr. Williams and Mr. Watrous do not consent to the transfer of the motion to quash. Dkt. No. 28 at 3. Lead plaintiffs and Qualcomm argue that the motion should be transferred to the issuing court because the issuing court has already considered and resolved the parties' dispute about use of third-party testimony (including Apple witnesses' testimony) from a prior action and is actively monitoring the parties' efforts to resolve their dispute about the discovery and admissibility of testimony from Apple witnesses. Dkt. No. 21 at 7-10; Dkt. No. 19 at 9-10. Non-Parties argue that transfer of their motion to the issuing court

would be improper because the issuing court is in no way better positioned to decide the motion and no other exceptional circumstances exist.  Dkt. No. 28 at 12-14.

In the absence of consent, the Court may only transfer the motion to quash to the Southern District of California if lead plaintiffs and Qualcomm demonstrate that exceptional circumstances are present and that those circumstances outweigh the Non-Parties' interests in obtaining local resolution of their motion.  *See* Fed. R. Civ. P. 45, Advisory Committees Notes to 2013 Amendments (subsection (f)).  Among the factors courts consider in assessing whether exceptional circumstances exists are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved.  *See, e.g., E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (discussing non-exhaustive list of considerations); *Moon Mountain Farms, LLC v. Rural Community Insurance Company*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (same).

While it is clear that the issuing court has not had an opportunity to consider, and has not yet decided, Non-Parties' objections to the subpoenas served on Mr. Williams and Mr. Watrous, that court has already resolved a *motion in limine* concerning lead plaintiffs' use of Apple witnesses' prior testimony, and the Court agrees with lead plaintiffs and Qualcomm that resolution of Non-Parties' motion to quash is likely to have implications for the issuing court's management of this aspect of the underlying litigation.  *See* Dkt. No. 19 at 9-10; Dkt. No. 21 at 8-9.  Moreover, given its familiarity with the matters in dispute on the merits of the underlying litigation, the issuing court is in a better position to assess the principal arguments raised in Non-Parties' motion to quash—i.e. that Messrs. Williams and Watrous do not have unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and that the parties failed to exhaust other less intrusive means of discovery before seeking their depositions.  *See* Dkt. No. 1 at 10-13; Dkt. No. 28 at 12-14.  Non-Parties do not claim that a transfer would be burdensome or that it would harm any interest other than their interest in having this dispute heard locally.  *See* Dkt. No. 28 at 12.  The circumstances favoring transfer to the issuing court outweigh Non-Parties' interest in having the

motion to quash decided by a court in this District, where the witnesses reside and where Apple is headquartered.

Accordingly, pursuant to Rule 45(f), the Court hereby directs the Clerk of Court to transfer Non-Parties' motion to quash and this miscellaneous action to the Southern District of California for decision by the issuing court in the matter *In Re Qualcomm Inc. Securities Litigation*, 3:17-cv-00121-JO-MSB (S.D. Cal.). The hearing set for August 15, 2023 is vacated. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 11, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3